Filed 4/28/16  P. v. Stevens CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DAVID CHARLES STEVENS,<br><br>        Defendant and Appellant. | A144047<br><br>(Solano County<br>Super. Ct. Nos. FCR307424,<br>FCR309815) |

Appellant David Charles Stevens was convicted of receiving a stolen vehicle (Pen. Code, § 496d)[1] and second degree commercial burglary (§ 459) pursuant to his felony pleas of no contest in two separate matters.  He was denied resentencing under The Safe Neighborhoods and Schools Act, which was adopted by voter initiative as Proposition 47 on November 4, 2014.  We address three recurring issues regarding interpretation and application of Proposition 47:  (1) whether a person convicted of receiving a stolen motor vehicle in violation of section 496d, where the motor vehicle was worth $950 or less, is eligible for resentencing under section 496, subdivision (a) (misdemeanor receipt of stolen property worth $950 or less; hereafter section 496(a)); (2) whether a person convicted of felony commercial burglary in violation of section 459, who entered a commercial establishment during open hours with the intent to pass a forged check worth $950 or less, is eligible for resentencing under section 459.5 (misdemeanor "shoplifting"

---

[1] Undesignated statutory references are to the Penal Code.

of property worth $950 or less); and (3) what evidence the trial court should consider in determining eligibility for Proposition 47 resentencing.

We affirm the trial court's denial of Stevens's petition for misdemeanor sentencing under section 496(a), but reverse its denial of his petition for resentencing under section 459.5. We also conclude that the trial court should consider the evidence within and outside the record of a petitioner's conviction as well as undisputed facts acknowledged by the parties.

## I.  PROPOSITION 47

Proposition 47 was intended to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K–12 schools, victim services, and mental health and drug treatment." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70.) To that end, Proposition 47 reduced most possessory drug offenses and thefts of property valued at less than $950 to straight misdemeanors and created a process for persons currently serving felony sentences for those offenses to petition for resentencing for misdemeanors.

Proposition 47 added section 490.2, which provides that "[n]otwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor."[2] The initiative also amended section 496(a) to provide that *receipt* of stolen property worth $950 or less is a misdemeanor, and amended the punishment provision for certain forgery crimes to provide that the crimes are misdemeanors when the value of the forged property is $950 or less. (§ 473, subd. (b).) Finally as relevant here, the initiative added section 459.5 to define the new crime of "shoplifting": "Notwithstanding Section 459 [which defines burglary], shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is

_____

[2] Section 490.2 and the other statutes discussed in this paragraph do not apply if the defendant has certain prior convictions, which are not relevant here.

2

open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).)

Proposition 47 created a procedure for persons currently serving felony sentences to petition for recall of their sentences and resentencing if their crimes would have been misdemeanors under the statutes amended or added by the initiative. Under section 1170.18, "(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] had [it] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]. [¶] (b) . . . If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

## II. BACKGROUND

In May 2014, Stevens was charged with one count of receiving a stolen motor vehicle (§ 496d, subd. (a)), and it was alleged that he had served two prior prison terms within the meaning of section 667.5, subdivision (b). The following September, he was charged with second degree commercial burglary of a Wells Fargo bank (§ 459) and check forgery (§ 475, subd. (a)), again with prior prison term allegations.

On September 22, 2014, pursuant to a plea agreement, Stevens pled no contest to the receiving charge (§ 496d, subd. (a)) and admitted section 667.5, subdivision (b) allegations. He also pled no contest to the burglary charge (§ 459) from the newer case. He was sentenced to an aggregate sentence of three years eight months to be served in county jail pursuant to section 1170, subdivision (h), with two years eight months suspended. His sentence on the burglary charge was two years in prison, and his

3

sentence on the receiving charge was eight months in state prison plus a one year enhancement pursuant to section 667.5, subdivision (b).

On November 25, 2014, Stevens filed petitions in each case to recall his sentence and redesignate the convictions as misdemeanors pursuant to Proposition 47. Stevens first sought resentencing on his section 496d conviction for receiving a stolen motor vehicle. He argued that "in order for the crime of possession of stolen property to be a felony, the value of the item must be more than $950. (See . . . § 496(a).) . . . [T]o effectuate the [initiative's] intent . . . and under the Equal Protection Clause . . . section 496d(a) [must be construed to also] require[] that the value of the vehicle at issue exceed $950 in order to be a felony offense." Stevens further argued that section 496d should be so construed in light of section 490.2, which reduced the punishment for *theft* of property worth $950 or less to a misdemeanor. He argued that, because *receiving* stolen property was "really a second level of criminality[,] . . . it would seem to be both illogical and inconsistent . . . that if a person actually took a vehicle . . . that was under [$]950, they would be covered by [section 490.2], but that somehow 496d, the next level, . . . is not covered. [¶] It certainly is inconsistent with what is the clear intent of the statute to come up with sentencing alternatives for nonviolent, nonserious offenses" and is an equal protection violation. The prosecutor argued in opposition that Proposition 47 did not expressly authorize reductions of sentences under section 496d and the initiative should not be construed to do so in contradiction of its plain language. The trial court denied the petition. "I don't believe 496d(a) is encompassed by Prop 47."

In relation to the petition for resentencing on his section 459 burglary conviction, Stevens pointed out "[t]here was no preliminary hearing in this case, but according to the police report, the basic allegation . . . [was] that Mr. Stevens entered a Wells Fargo bank and attempted to cash a forged check for $450." Stevens argued he was entitled to resentencing to a misdemeanor pursuant to section 459.5 or section 490.2. In opposition, the prosecutor acknowledged that Stevens entered a bank with the intent to pass a forged check for $450, but argued that Stevens was not eligible for resentencing because his crime did not meet the definition of shoplifting under section 459.5; she did not address

4

section 490.2.  At the initial hearing on Stevens's recall petitions, the prosecutor relied solely on the argument that a bank is not a "commercial establishment" within the meaning of section 459.5.  At a later hearing, she argued that Stevens did not enter the bank with the "intent to commit larceny," as required by section 459.5.  The court denied the petition on the ground that an intent to pass a forged check is not an intent to commit "larceny" as required by section 459.5, rejecting Stevens's argument that section 490a incorporates all forms of theft into the statutory term "larceny."

### III.  DISCUSSION

"In interpreting a voter initiative, 'we apply the same principles that govern statutory construction' [citation], and 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.  [Citations.]' [Citation.] ' "In determining such intent, a court must look first to the words of the statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose." [Citation.] At the same time, "we do not consider . . . statutory language in isolation." [Citation.] Instead, we "examine the entire substance of the statute in order to determine the scope and purpose of the provision, construing its words in context and harmonizing its various parts." [Citation.]  Moreover, we " 'read every statute "with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness." ' " ' " (*People v. Valencia* (2016) 245 Cal.App.4th 730, 734 (*Valencia*).) We decide issues of statutory interpretation de novo.  (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.)

A.    *Receipt of a Stolen Vehicle*

Stevens argues the trial court erred in ruling that convictions for section 496d are not eligible for resentencing under section 496(a) where the vehicle's value was $950 or less.[3]  He argues section 496(a) provides that receipt of "*any*" stolen property (i.e.,

---

[3] The value of the vehicle at issue here was never established at the hearings on Stevens's petitions.

5

including vehicles) is a misdemeanor, and it would not make sense to construe Proposition 47 to reduce the crimes of *stealing* a vehicle worth $950 or less or receiving *property other than a vehicle* worth $950 or less to misdemeanors, but not to reduce the crime of receiving a stolen vehicle worth $950 or less to a misdemeanor. We conclude the voters did so intend and therefore affirm the trial court.

Stevens's argument has facial appeal. Section 496(a) provides that when any person "buys or receives *any property* that has been stolen" worth $950 or less, the offense is a misdemeanor unless the person has the proscribed prior convictions. (Italics added.) Section 1170.18 requires resentencing of any person serving a felony sentence "who *would have been guilty of a misdemeanor* under [Proposition 47] had [Proposition 47] been in effect at the time of the offense," unless he or she "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subds. (a), (b), italics added.) Section 1170.18 does not limit the resentencing remedy to a person who would *only* have been guilty of a misdemeanor under Proposition 47 and would not *also* have been guilty of an alternate felony/misdemeanor "wobbler" or felony under some other provision of the Penal Code. Therefore, Stevens arguably was entitled to resentencing under section 496(a) even though he was also guilty of violating section 496d, which was not reduced to a misdemeanor by Proposition 47.

Some courts have reasoned that persons convicted under certain statutes are ineligible for resentencing under Proposition 47 because those specific statutes are not listed in section 1170.18. The Fourth District, for example, reasoned, "Had the intent of Proposition 47 been to include section 368 [elder abuse] as a crime eligible for resentencing, section 368 would have been listed in section 1170.18 or amended. . . . Because Proposition 47 has specified which crimes are subject to resentencing, we reject defendant's contention Proposition 47 encompasses section 368, which is not listed as eligible for resentencing . . . . (*Gikas v. Zolin* (1993) 6 Cal.4th 841, 852) ['The expression of some things in a statute necessarily means the exclusion of other things not expressed . . .'].)" (*People v. Bush* (2016) 245 Cal.App.4th 992, 1005.) We do not find this rationale persuasive. Eligibility for resentencing cannot be determined solely by

6

whether the statute under which a person was *convicted* is listed in section 1170.18. Two of the statutes listed there (§§ 490.2, 459.5) were *added* by Proposition 47, so they necessarily apply to persons were convicted of *other* crimes, and courts have approved resentencing under those statutes of persons who were convicted of crimes not listed in section 1170.18. (See, e.g., *People v. Perkins* (2016) 244 Cal.App.4th 129, 141 (*Perkins*) [petitioner convicted of grand theft under § 487 might be eligible for resentencing under § 490.2].) It therefore cannot be correct that the mere nonappearance of a crime of conviction in the list of statutes contained in section 1170.18 means that a defendant is ineligible for resentencing under Proposition 47.

We nevertheless agree that, when read in its entirety, Proposition 47 reflects an intent to exclude those convicted of section 496d from eligibility for resentencing. When the voters amended or added statutes that reduced the penalty for other theft-related crimes in Proposition 47, they expressly stated that the new penalties would apply "notwithstanding" the continuing existence of other penal statutes that might also encompass the described offenses. For example, section 459.5, which carved out the new offense of shoplifting from what had previously been defined as commercial burglary under section 459, provides that it applies "[n]otwithstanding Section 459." (§ 459.5, subd. (a).) Section 490.2, which reduced the penalty for theft of property worth $950 or less to a misdemeanor, provides that the section applies "[n]otwithstanding Section 487 or any other provision of law defining grand theft." (§ 490.2, subd. (a).) Section 473, which reduced the penalty for forgery involving property worth $950 or less, provides that it applies "[n]otwithstanding" the provision that forgery is a wobbler. (§ 473, subd. (b); see § 476a, subd. (b) [after defining crime of passing bad checks as a wobbler, providing "[h]owever, if the total amount . . . [is $950 or less], the offense is punishable only" as a misdemeanor absent the proscribed prior convictions].)[4] Section 496(a),

---

[4] The only other theft-related statute listed in section 1170.18, is section 666, which is distinguishable because it *increases* the penalty for certain theft crimes if the defendant has the listed prior convictions. Proposition 47 *narrowed* the range of prior convictions that triggered increased penalties under section 666, which makes it not

7

however, does not provide that it applies "notwithstanding" section 496d or any other penal statute relating to receipt of stolen property.[5] "It is a general rule of statutory construction that '[w]hen one part of a statute contains a term or provision, the omission of that term or provision from another part of the statute indicates the Legislature intended to convey a different meaning.' " (*Klein v. United States* (2010) 50 Cal.4th 68, 80.) We conclude that if the voters intended section 496(a) to apply to receipt of a stolen motor vehicle, they would have expressly provided that section 496(a) applies notwithstanding section 496d, similar to the language they used in sections 459.5 and 490.2. Because they did not, we hold section 496(a) does not apply to receipt of a stolen motor vehicle worth $950 or less.

Stevens argues this interpretation of the initiative is inconsistent with the purposes and overall design of Proposition 47.[6] One purpose of the initiative was to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft" unless the defendant has the proscribed prior convictions. (Prop. 47, § 3, subd. (3).) Since Proposition 47 reduced the punishment for *stealing* a motor vehicle and receiving any *other* stolen property worth $950 or less, Stevens argues it must be construed to also reduce the punishment for receiving a stolen motor vehicle worth $950 or less. He

---

analogous to the other added and amended statutes discussed *ante*. The remaining penal statutes listed in section 1170.18 are simple drug possession offenses under the Health and Safety Code, for which there was no apparent need to include "notwithstanding" clauses in the Proposition 47 amendments.

[5] Section 496(a) includes "however" language, but it refers only to section 496(a)'s opening language that receipt of stolen property is ordinarily a wobbler. It does not refer to offenses described in any other penal statute.

[6] Stevens also argues, curiously, that "section 496, the general statute, should operate to bring the specific and essentially identical statute, section 496d, subdivision (a), within the ambit of section 1170.18." He cites no authority for this proposition, which seems to conflict with the rule of statutory construction that a particular or specific provision will take precedence over a conflicting general provision. (See *Warne v. Harkness* (1963) 60 Cal.2d 579, 588.) In any event, section 496d is more specific in that it applies to receipt of stolen motor vehicles whereas section 496 applies to receipt of any stolen property.

suggests the omission of motor vehicles from section 496(a) was a legislative oversight. He notes that the legislative analysis in the ballot pamphlet informed the voters, "Under current law, individuals found with stolen property may be charged with receiving stolen property, which is a wobbler crime. Under this measure, receiving stolen property worth $950 or less would always be a misdemeanor." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, p. 35.) The pamphlet did not specify that stolen motor vehicles would be excluded from this leniency measure.

We are not persuaded. First, before adoption of Proposition 47, the Legislature treated receipt of a stolen motor vehicle as an equivalent or more severe offense than theft of a motor vehicle or receipt of other stolen property. Before Proposition 47, grand theft was defined to include the theft of any motor vehicle (§ 487, subd. (d)(1)) and was punishable as a wobbler, with the felony punishment set at 16 months, two years, or three years in county jail pursuant to section 1170, subdivision (h). (§§ 489, subd. (c), 1170, subd. (h)(1), (2); see § 486.) Receipt of a stolen vehicle was also a wobbler with the same felony incarceration penalty but alternatively with a fine of up to $10,000. (§ 496d.) Before Proposition 47, punishment for receipt of unspecified stolen property was less severe: the offense was defined as a wobbler with the same felony incarceration penalty but no fine, and the statute expressly gave prosecutors the discretion to charge the crime as a straight misdemeanor if the value of the stolen property was $950 or less. (Former § 496(a), as amended by Stats. 2011, ch. 15, § 372, italics added; see § 1170, subd. (h)(1), (2).) In light of this statutory history, we do not find it self-evidently absurd that voters intended to treat receipt of a stolen motor vehicle worth $950 or less more harshly than receipt of other stolen property or theft of a motor vehicle worth $950 or less.[7]

---

[7] In contrast, *People v. Noyan* (2014) 232 Cal.App.4th 657, cited by Stevens, held omission of section 4573.5 from realignment legislation was a legislative oversight and an equal protection violation in part because "prior to the Realignment Legislation, violations of section 4573.5 were punished *less* severely than violations of section 4573 . . . [but] [s]ince the enactment of the Realignment Legislation, violations of section

9

Second, it is not difficult to see why the voters might want to treat receipt of a stolen vehicle more harshly than the other offenses. One plausible reason for the sentencing disparity between sections 496(a) and 496d is that motor vehicle owners often depend on those vehicles for transportation to work and school and for obtaining the necessities of life, which is not as often the case with other forms of property. Moreover, stolen vehicles are often dismantled and sold for parts in "chop shops," which can raise their worth above retail value. The latter reason could also explain the disparity in sentencing between section 490.2 (theft) as applied to motor vehicles and section 496d (receipt of stolen vehicle)—punishment for receipt, rather than theft, tends to apply to such chop shops. Finally, as the People suggest on appeal, the voters might not have wanted prosecutors to bear a burden of proving the value of stolen motor vehicles in order to establish felony convictions under section 496, given that most vehicles are worth more than $950. This would explain the exclusion of motor vehicles from section 496(a), which operates prospectively as well as retroactively following the adoption of Proposition 47. (See *People v. Solis* (2016) 245 Cal.App.4th 1099, 1112–1113 [exclusion of a lesser included offense from Proposition 47 relief not necessarily irrational because "lesser included" does not necessarily mean "*less serious*"].)[8]

For the foregoing reasons, we also reject Stevens's equal protection challenge to the exclusion of receipt of stolen motor vehicles from resentencing under Proposition 47. "Where, as here, a disputed statutory disparity implicates no suspect class or fundamental right, 'equal protection of the law is denied only where there is no "rational relationship

_____

4573.5 are punished *more* severely than violations of section 4573." (*Id.* at p. 665; see *id.* at pp. 663–664, 671.)

[8] We also reject Stevens's argument that the rule of lenity requires us to adopt his preferred construction of the initiative. " ' "The rule of statutory interpretation that ambiguous penal statutes are construed in favor of defendants is inapplicable unless two reasonable interpretations of the same provision stand in relative equipoise, i.e., that resolution of the statute's ambiguities in a convincing manner is impracticable." [¶] Thus, although true ambiguities are resolved in a defendant's favor, an appellate court should not strain to interpret a penal statute in defendant's favor if it can fairly discern a contrary legislative intent.' " (*People v. Solis, supra,* 245 Cal.App.4th at p. 1112, fn. 8.)

10

between the disparity of treatment and some legitimate governmental purpose." '
[Citation.] 'This standard of rationality does not depend upon whether lawmakers ever
actually articulated the purpose they sought to achieve. Nor must the underlying
rationale be empirically substantiated. [Citation.] While the realities of the subject
matter cannot be completely ignored [citation], a court may engage in " 'rational
speculation' " as to the justifications for the legislative choice [citation]. It is immaterial
for rational basis review "whether or not" any such speculation has "a foundation in the
record." ' [Citation.] To mount a successful rational basis challenge, a party must
' "negative every conceivable basis" ' that might support the disputed statutory disparity.
[Citations.] If a plausible basis exists for the disparity, courts may not second-guess its
' "wisdom, fairness, or logic." ' " (*Johnson v. Department of Justice* (2015) 60 Cal.4th
871, 881.) The plausible reasons for the sentencing disparity discussed *ante* demonstrate
that the voters had a rational basis to treat Stevens differently from persons eligible for
resentencing under sections 490.2 and 496(a), even assuming Stevens was similarly
situated to those persons.

We therefore hold that persons convicted under section 496d are not eligible for
resentencing pursuant to section 496(a) even if the stolen vehicles were worth $950 or
less.

B.    *Commercial Burglary*

Stevens next argues that his crime of entering a bank with intent to cash a forged
check was "shoplifting" within the meaning of section 459.5, and the trial court erred in
denying him resentencing on that charge. We agree and reverse.[9]

Unlike section 496(a), section 459.5 expressly states that it applies
"notwithstanding Section 459" and further provides, "Any act of shoplifting defined in
subdivision (a) shall be charged as shoplifting. No person who is charged with

_____

[9] Because we so hold, we need not address Stevens's alternative arguments that he
was entitled to be resentenced under section 490.2 for his burglary conviction, or that
under equal protection principles his offense should be treated the same as check forgery
and writing a bad check and reduced to a misdemeanor. (§§ 473, 476a.)

11

shoplifting may also be charged with burglary or theft of the same property." (§ 459.5, subds. (a), (b).)

Stevens's petition for resentencing under section 459.5 raises two legal questions. First, what constitutes entry with "intent to commit larceny" within the meaning of the shoplifting statute?[10] Second, what evidence should the trial court consider in determining eligibility for Proposition 47 resentencing? We address these questions in turn.

### 1. *"Intent to Commit Larceny" in Section 459.5*

Stevens argues that his burglary offense falls within the statutory definition of shoplifting because he entered a commercial establishment (a bank) with the intent to commit larceny (passing a forged check for $450). The People argue that "larceny" in section 459.5 is limited to common law larceny and does not include other forms of theft.[11] We conclude that sections 490a and 484 compel the conclusion that "larceny" encompasses all forms of theft and thus agree with Stevens's interpretation of the statute.

Section 490a provides that "[w]herever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor." Section 484, subdivision (a) provides, "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, *or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property*, . . . is guilty of theft." (Italics added.) Under these statutes, "intent to commit larceny" in section 459.5 means "intent to commit theft," and

---

[10] The People do not renew on appeal the argument that a bank is not a "commercial establishment" within the meaning of section 459.5.

[11] The People's argument relied, in part, on authority that has been superseded by a grant of review. (*People v. Gonzales* (2015) 242 Cal.App.4th 35, review granted Feb. 17, 2016, S231171.)

"theft" includes taking the personal property of another by false pretenses. As we explain *post*, Stevens's crime satisfies the definition of theft by false pretenses.

The People cite *People v. Williams* (2013) 57 Cal.4th 776, 786, as authority that "larceny" in section 459.5 does not include theft by false pretenses. They misconstrue the case. *Williams* acknowledged that section 484, subdivision (a) consolidated the crimes of larceny, theft by false pretenses and embezzlement into a single crime of theft, and noted that the consolidation "did not change the elements of those offenses." (*Williams*, at p. 786.) " 'The purpose of the consolidation was to remove the *technicalities* that existed in the pleading and proof of these crimes at common law' " (*id*. at pp. 785–786, italics added), while leaving "[t]he elements of the several types of theft included within section 484 . . . [un]changed" under the common law (*id.* at p. 786.) The high court, however, held that despite the consolidation statutes the crime of robbery requires proof of common law larceny as distinct from other forms of common law theft. Section 490a does not apply to the robbery statute (§ 211), the court explained, because section 211 refers to a "felonious taking" rather than "larceny." (*Williams, supra,* 57 Cal.4th at pp. 786–789.) Further, applying section 490a to the robbery statute would effectively "alter two of the substantive elements of robbery: asportation and a trespassory taking," a result inconsistent with the legislative history of the robbery statute. (*Williams*, at pp. 789–790.)

As other courts have held, *Williams*'s holding about the definition of robbery has no bearing on our interpretation of the shoplifting statute. Section 459.5—which refers to "larceny" rather than "felonious taking"—does not have the same legislative history as the robbery statute and does not necessarily include the elements of asportation and trespassory taking. (See *Valencia, supra,* 245 Cal.App.4th at pp. 734–735; *People v. Root* (2016) 245 Cal.App.4th 353, 358–360.) Further, even before enactment of section 459.5, courts had held that burglary may be based on an intent to commit a form of theft other than common law larceny. (See *People v. Parson* (2008) 44 Cal.4th 332, 354.)

13

The People alternatively argue that "shoplifting" as defined in section 459.5 should be limited to the ordinary lay understanding of "shoplifting." We agree with *Valencia*'s rejection of a similar argument: "While section 459.5 sets forth the new crime of shoplifting, it does not use that term to define the criminal conduct that constitutes the offense. Rather than leaving the term 'shoplifting' undefined or defining it by reference to the common meaning of that term, section 459.5 gives it a more technical, legal definition as a subset of commercial burglary, entry into a commercial establishment during regular business hours with the intent to commit or committing larceny." (*Valencia, supra,* 245 Cal.App.4th at p. 734.) Courts must apply the statutory rather than the lay meaning of "shoplifting" when applying section 459.5.

We conclude that the phrase "intent to commit larceny" in section 459.5 means an intent to commit any theft listed in section 484, including theft by false pretenses.

2.      *Determining Eligibility Under Proposition 47*

The People contend that the felony of forgery "premised" Stevens's burglary conviction, and that he is therefore not eligible for resentencing under section 459.5 because he committed entry with intent to commit forgery, not entry with intent to commit larceny. The People also argue that Stevens failed to meet his burden of proving the forged check he tried to cash was for $950 or less. We reject both arguments.

a.      *Relevant Evidence*

As a preliminary matter, we hold that the petitioner bears the burden of producing evidence that his or her offense would have been a misdemeanor under Proposition 47. That evidence may come from within or outside the record of conviction, or from undisputed facts acknowledge by the parties.

Section 1170.18 establishes a three-step process in a petition for recall of a felony sentence and misdemeanor resentencing—an eligibility determination, a discretionary dangerousness assessment, and resentencing. The first step requires the trial court to "determine whether the petitioner satisfies the criteria [for resentencing] in subdivision (a)." (§ 1170.18, subd. (b).) "The trial court's decision on a section 1170.18 petition is inherently factual, requiring the trial court to determine whether the defendant

14

meets the statutory criteria for relief. . . . [Whether] the value of the property defendant stole disqualifies him from resentencing under sections 459.5 and 1170.18 . . . is a factual finding that must be made by the trial court in the first instance." (*People v. Contreras* (2015) 237 Cal.App.4th 868, 892.)

While Proposition 47 does not explicitly allocate a burden of proof, courts applying Proposition 47 have consistently held that it is a petitioner's burden to establish the facts upon which his or her eligibility is based. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879–880 [" ' "[a] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting" ' "]; see *People v. Bush, supra,* 245 Cal.App.4th at pp. 1007–1008; *Perkins, supra,* 244 Cal.App.4th at p. 140; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449; Evid.Code, § 500.) "[I]t is important to keep in mind a person, like [the petitioner], was validly convicted under the law applicable at the time of the trial of the felony offenses. It is a rational allocation of burdens if the petitioner in such cases bears the burden of showing that he or she is eligible for resentencing of what was an otherwise valid sentence." (*Sherow,* at p. 878.)

The record of a petitioner's conviction may suffice to establish a prima facie case for resentencing, but may well not, particularly where there was no reason for either party to fix the value of the property stolen when the plea was taken. (See *People v. Bradford* (2014) 227 Cal.App.4th 1322, 1333–1334 [prosecutor had no incentive to plead and prove factors not relevant to a case, but which later became relevant to resentencing under § 1170.126].) In the latter circumstance, a petitioner may and should submit extra-record evidence probative of the property's value when filing for resentencing. (*People v. Sherow, supra,* 239 Cal.App.4th at p. 880 ["[a] proper petition could certainly contain at least [petitioner's] testimony about the nature of the items taken"]; *Perkins*, *supra*, 244 Cal.App.4th at p. 140 [petitioner "should describe the stolen property and attach some evidence, whether a declaration, court documents, record citations, or other

probative evidence showing he is eligible for relief"].)[12] "That does not mean there will be a mini-trial on the value of stolen property in every case, only that offenders may submit extra-record evidence probative of the value when they file their petitions for resentencing." (*Perkins,* at p. 140, fn. 5.)

The record of conviction (here, the accusatory pleading, plea agreement, and plea hearing transcript) does not disclose the exact nature of Stevens's offense, and Stevens did not submit extra-record evidence on the issue. However, we conclude that a Proposition 47 resentencing court may also consider any factual stipulations or clear agreements by the parties that add to, but do not contradict, the record of conviction. Here, Stevens stated in his petition for resentencing on the burglary conviction that, according to the police report, "Stevens entered a Wells Fargo bank and attempted to cash a forged check for $450." In opposition, the prosecutor wrote, "The facts, as summarized in the Pre-Sentence report for October 20, 2014 are as follows: On

---

[12] Since the petitioner has the burden of proof on eligibility, it would be patently unfair to preclude him or her from submitting extra-record evidence that would establish eligibility for resentencing. In contrast, an resentencing eligibility determination under the Three Strikes Reform Act of 2012, added by Proposition 36 (§ 1170.126), must be made by reference to the record of conviction only. (*People v. Bradford, supra,* 227 Cal.App.4th at p. 1327; *People v. Manning* (2014) 226 Cal.App.4th 1133, 1141–1142.) The difference in approach is sensible given the nature of the resentencing schemes. "Eligibility for resentencing under [the Three Strikes Reform Act] turns on the nature of the petitioner's convictions—whether an offender is serving a sentence on a conviction for nonserious, nonviolent offenses and whether he or she has prior disqualifying convictions for certain other defined offenses. (§ 1170.126, subd. (e).) By contrast, under Proposition 47, eligibility often turns on the simple factual question of the value of the stolen property. In most such cases, the value of the property was not important at the time of conviction, so the record may not contain sufficient evidence to determine its value. For that reason, and because petitioner bears the burden on the issue (Evid.Code, § 500), we do not believe the *Bradford* court's reasons for limiting evidence to the record of conviction are applicable in Proposition 47 cases." (*Perkins, supra,* 244 Cal.App.4th at p. 140, fn. 5.) As another example of the distinctions between the two statutory schemes, at least one court has held that the eligibility determination under section 1170.126 is a question of law (see *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 7), but courts have viewed the eligibility determination under section 1170.18 (Prop. 47) as a question of fact, as noted *ante*.

September 6, 2014, the defendant went into the Wells Fargo Bank and attempted to cash a forged check in the amount of $450.00."[13]  The trial court could properly base its eligibility determination on these facts acknowledged by both parties.

        b.     *"Intent to Commit Larceny" in this Case*

Other courts have held that entering a bank with an intent to cash a forged check is entry with an intent to commit theft by false pretenses and thus constitutes entry with "intent to commit larceny" within the meaning of section 459.5 if the value of the check was $950 or less.  (See, e.g., *People v. Root, supra,* 245 Cal.App.4th at p. 355 [acts of "enter[ing] banks, during regular business hours, for the purpose of cashing forged checks in amounts less than $950" qualify as shoplifting under § 459.5]; see also *People v. Williams, supra,* 57 Cal.4th at p. 787 [elements of theft by false pretenses].)  We agree.

One court has held on similar facts that a petitioner was not eligible for resentencing under section 459.5 because he entered with an intent to commit felony *identity theft* (§ 530.5, subd. (a)), rather than forgery or petty theft.  (*People v. Bias* (2016) 245 Cal.App.4th 302, 304–308 [intent basis for burglary charge and conviction not specified; also charged with forgery (§ 475, subd. (c)) but not identity theft (§ 530.5)].)  We find *Bias* distinguishable.  First, the *People* argued in *Bias* that the petitioner's offense was entry with intent to commit identity theft (*id.* at p. 306), whereas the People do not make that argument in this appeal.  Second, the record of conviction in *Bias* included more detailed information about the forged check in support of its conclusion that the petitioner intended to commit identity theft.  (*Id.* at p. 305.)  Any such information is missing here.

As noted *ante,* the People argue Stevens's burglary conviction was "premised" on forgery not larceny.  The record of conviction does not support this contention.  The accusatory pleading charged Stevens with "unlawfully enter[ing] a commercial building

---

[13] The October 20, 2014 presentencing report that is in the appellate record does not disclose the amount of the check.  On appeal, the People note the absence of that information in the report, but they do not note any contrary representation to the trial court or explain why they should not be bound by the parties' representations.

17

occupied by WELLS FARGO with the intent to commit *larceny and any felony*" (italics added). The italicized phrase tracked the statutory language that defines burglary as entry with an intent to commit "grand or petit larceny or any felony." (§ 459.) The stipulated factual basis for his no contest plea was similar: he "unlawfully enter[ed] Wells Fargo with the intent to commit larceny and a felony." Although Stevens was also charged with check forgery pursuant to section 475, subdivision (a) in the underlying case, that violation was complete once Stevens "possess[ed] or receive[d]" the forged check with the intent to pass it—which occurred before he entered the bank.[14] (Cf. § 470, subd. (d) [forgery by "uttering" a false document].)

Because the only alternative intent to commit burglary suggested by the People here is forgery, we conclude the record established that Stevens entered with the intent to commit theft by false pretenses, which constitutes "larceny" within the meaning of section 459.5. Because both parties acknowledged in the trial court that the check's value was less than $950,[15] and the status of the bank as a "commercial establishment" is not contested on appeal, Stevens was eligible for resentencing under section 459.5.

The People did not argue below, nor do they on appeal, that the trial court should have exercised its discretion to deny resentencing to Stevens because he posed an unreasonable risk to public safety. (See § 1170.18, subd. (b).) Therefore, we remand with directions to reduce Stevens's burglary conviction to misdemeanor shoplifting (§ 459.5) and resentence Stevens on all counts accordingly.[16]

---

[14] "Every person who *possesses or receives*, with the intent to pass or facilitate the passage or utterance of any forged, altered, or counterfeit items, or completed items contained in subdivision (d) of Section 470 with intent to defraud, knowing the same to be forged, altered, or counterfeit, is guilty of forgery." (§ 475, subd. (a), italics added.)

[15] The prosecutor not only stated in her opposition brief that Stevens "attempted to cash a forged check in the amount of $450.00," but also argued Stevens had to prove value only with respect to the section 496d conviction—not the section 459 conviction—in the event the court found Stevens otherwise eligible for resentencing.

[16] When a defendant is resentenced as a misdemeanant on an eligible count but will remain sentenced as a felon on one or more other counts, the court should resentence on all counts. (Couzens et al., Sentencing California Crimes (The Rutter Group 2015)

18

## IV.    DISPOSITION

The trial court's denial of Stevens's petition for resentencing regarding his conviction for receipt of a stolen motor vehicle is affirmed.  The trial court's denial of Stevens's petition for resentencing regarding his burglary conviction is reversed.  On remand, the trial court shall recall the sentence, reduce the conviction for burglary to a section 459.5 misdemeanor, and resentence Stevens accordingly.

---

§ 25:6(B)(4), p. 25-63.)  The only limitation is that "the term" on resentencing may not be longer than the term originally imposed.  (§ 1170.18, subd. (e); see *People v. Burbine* (2003) 106 Cal.App.4th 1250, 1253, 1258 [" 'an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components' "].)

19

_____

BRUINIERS, J.

WE CONCUR:

_____

JONES, P. J.

_____

NEEDHAM, J.

A144047

20