Filed 2/29/16

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E062949 |
| v. | (Super.Ct.No. RIF1206306) |
| PHILLIP PERNELL BIAS, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County. Helios (Joe) Hernandez, Judge. Reversed.

Michael A. Hestrin, District Attorney, and Emily R. Hanks, Deputy District Attorney, for Plaintiff and Appellant.

Stephen L. Harmon, Public Defender, and William A. Meronek, Deputy Public Defender, for Defendant and Respondent.

INTRODUCTION

The People appeal from an order granting the petition of defendant Phillip Pernell Bias under Penal Code section 1170.18[1] to reduce defendant's conviction of second degree burglary (§ 459) to misdemeanor shoplifting (§ 459.5). The People contend that defendant failed to meet his burden of proving eligibility for resentencing, and the trial court erred in granting defendant's petition because he remained guilty of second degree burglary, not misdemeanor shoplifting. We agree with the People and reverse the judgment.

FACTS AND PROCEDURAL BACKGROUND

The facts concerning defendant's crime are taken from the transcript of the preliminary hearing. On September 1, 2012, defendant entered a bank in Moreno Valley and attempted to cash a check for $587.64. The check was made out to defendant and was drawn on the account of Innovative Design Concepts.[2] A sheriff's deputy spoke to an employee at Innovative Design Concepts. The deputy described some of the characteristics of the check defendant attempted to cash to the employee. The deputy was told that the sequence number of the company's check would be green in color and would show the company's emblem. The check defendant presented was blue and lacked the emblem. The employee further notified the deputy that she was not acquainted with

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] The record contains numerous variations of the company's name: "Innovative Design Concepts," "Innovative Designs," "Design Concepts," and "Innovation Designs."

2

defendant, and that he was not an employee of the company. Defendant admitted the check was not legitimate.

Defendant was charged with second degree burglary (§ 459—count 1) and check forgery (§ 475, subd. (c)—count 2). The information also alleged a prison prior (§ 667.5, subdivision (b)) and a strike prior (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)). Defendant pleaded guilty to count 1 and admitted the prior allegations. The trial court sentenced him to three years eight months in state prison.

On November 20, 2014, defendant filed a petition for resentencing under section 1170.18, subdivision (a). Over the People's objection on the ground that defendant was not eligible for resentencing, the trial court granted the petition, resentenced defendant for a misdemeanor violation of section 459.5, and gave him credit for time served.

DISCUSSION

**Standard of Review**

When interpreting a voter initiative, "we apply the same principles that govern statutory construction." (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) We first look "'to the language of the statute, giving the words their ordinary meaning.'" (*Ibid.*) We construe the statutory language "in the context of the statute as a whole and the overall statutory scheme." (*Ibid.*) If the language is ambiguous, we look to "'other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet.'" (*Ibid.*)

**Proposition 47 and Statutory Amendments**

*Overview of Proposition 47 and Section 1170.18*

On November 4, 2014, voters approved Proposition 47, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, Penal Code section 1170.18. Penal Code section 1170.18 creates a process through which qualified persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing. (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.) Specifically, Penal Code section 1170.18, subdivision (a), provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47] that added this section . . . had [Proposition 47] been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by [Proposition 47]."

*Defendant Was Ineligible for Resentencing*

Defendant was convicted of a violation of section 459, which provides, "Every person who enters any . . . building . . . with intent to commit grand or petit larceny *or any felony* is guilty of burglary." (Italics added.) The trial court found that defendant

4

was eligible for resentencing under the shoplifting statute created by Proposition 47, specifically, section 459.5, subdivision (a), which provides, "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).  Any other entry into a commercial establishment with intent to commit larceny is burglary."  (§ 459.5, subd. (a).)  By its terms, section 459.5 did not redefine second degree burglary; that new statute is limited to entry into a commercial establishment during regular business hours with the intent to commit larceny under $950.  Thus, entry with intent to commit any other felony remains second degree burglary under section 459.

A defendant seeking resentencing under Penal Code section 1170.18 bears the burden of demonstrating that his underlying offense fell within that statutory scheme. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.)  The People argue that defendant did not enter the bank to commit larceny but to commit the crime of identity theft, also described as unlawful use of personal identifying information of another person. (§ 530.5, subd. (a); *People v. Barba* (2012) 211 Cal.App.4th 214, 220 (*Barba*).)

Section 530.5, subdivision (a), provides, "Every person who willfully obtains personal identifying information, as defined in subdivision (b) of Section 530.55, of another person, and uses that information for any unlawful purpose, including to obtain, or attempt to obtain, credit, goods, services, real property, or medical information without the consent of that person, is guilty of a public offense . . . ."  Personal identifying

5

information includes "any name, address, telephone number, . . . checking account number [and] unique electronic data including information identification number assigned to the person, address or routing code . . . ." (§ 530.55, subd. (b).)

In *Barba*, the court held that the defendants could be held to answer for the crime of identity theft when the evidence at the preliminary hearing showed they had used a company's personal identifying information when they cashed stolen checks, which information included the "name, address, telephone number, checking account and unique electronic data for addresses or routing codes" for the company. (*Barba*, *supra*, 211 Cal.App.4th at p. 228.) Here, defendant's conduct, although unsuccessful, was substantially similar: he presented a check bearing the name and identifying information of Innovative Designs and attempted to cash it.

Defendant argues that the only crime he intended to commit when he entered the bank was felony check forgery (§ 475, subd. (c)), a crime that was charged but dismissed pursuant to his plea to second degree burglary. The *Barba* court noted that while the crimes of identity theft and forgery had "some overlap," "the statutes are concerned with remedying two different wrongs." (*Barba*, *supra*, 211 Cal.App.4th at p. 225.) Thus, the crime of forgery is committed when a person possesses either a real or a fictitious check. Section 475, subdivision (c), defining forgery, provides, "Every person who possesses any completed check, money order, traveler's check, warrant, or county order, whether real or fictitious, with the intent to utter or pass or facilitate the utterance or passage of the same, in order to defraud any person, is guilty of forgery."

In ruling that defendant was eligible for resentencing, the trial court appears to have confused the crime of identity theft and forgery. The trial court stated that the identity theft was "probably happening before they even get into the bank. They filled out that person's information before. They stole a check, or it's a legitimate check, but they made it look different through forgery. I see those distinct things. I see this as going into the bank to get money and whether it's by, Hi, I'm John Doe, and this is my check or whatever, it is the purpose of going into the bank is the theft of the money. The identity theft part is already perfected. They're out in the parking lot having gone into the bank, they've already committed the identity theft. You don't have to go into the bank to commit identity theft. I see it as plain old theft of money by false pretenses." The trial court reiterated that the crime of identity theft was "completed out in the parking lot or some other time," and the entry into the bank was for the purpose of cashing the check.

The trial court misunderstood the elements of the crime of identity theft. Section 530.5, subdivision (a), provides that the crime is committed when a person obtains personal identifying information of another and "*uses that information for any unlawful purpose*, including to obtain, or attempt to obtain, credit, goods, services, real property, or medical information without the consent of that person . . . ." (Italics added.) Thus, the crime of identity theft was not committed "in the parking lot" before defendant entered the bank.

Defendant points out that forgery was the only crime charged other than the second degree burglary to which he pled, and under Proposition 47, the forgery of a check less than $950 is a misdemeanor. However, the People were not required to separately charge the felony of identity theft that defendant entered with intent to commit because burglary is complete upon entry with the requisite criminal intent. (*People v. Brownlee* (1977) 74 Cal.App.3d 921, 930.) The record of defendant's conviction, including the preliminary hearing transcript, shows that defendant entered the bank with the intent to commit identity theft.

Defendant further argues that any conduct that fits within the definition of shoplifting under section 459.5 must be charged as shoplifting. (§ 459.5, subd. (b) ["Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property"].) We disagree. The act of entering a bank with the intent to commit identity theft is not the act identified in section 459.5, subdivision (a), i.e., entry with intent to commit petty theft.

We conclude that defendant failed to establish his eligibility for resentencing. Because we determine that defendant did not meet his burden of showing his crime of second degree burglary should be reduced to a violation of section 459.5, we need not address the People's additional contention that a bank is not a commercial establishment within the meaning of section 459.5.

8

DISPOSITION

The order appealed from is reversed.

CERTIFIED FOR PUBLICATION

McKINSTER
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.

9