Filed 4/28/16  P. v. Uy CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN UY,<br><br>    Defendant and Appellant. | G051563<br><br>(Super. Ct. No. 12NF1001)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Thomas A. Glazier, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Kristine A. Gutierrez and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

John Uy appeals from the trial court's denial of his petition under Proposition 47 (see Pen. Code, § 1170.18, subd. (f); all further undesignated statutory references are to the Penal Code) to have his felony conviction for receiving stolen property (§ 496, subd. (a)) designated as a misdemeanor. He asserts the prosecution bore the burden of proving the value of the property he stole was greater than $950 and could not do so outside the record of conviction. Because the record of conviction included no dollar amount, defendant argues it must be presumed his conviction was for the least possible offense.

His challenge fails at the outset, however, because he made no effort to establish the stolen property he received was worth less than $950. Although section 1170.18 "is silent as to who has the burden of establishing whether a petitioner is eligible for resentencing . . . , Evidence Code section 500 provides, '[e]xcept as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting.'" (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136 (*Perkins*).) Because defendant is the petitioner seeking relief, and because Proposition 47 does not provide otherwise, "a petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878 (*Sherow*); accord, *People v. Bias* (2016) 245 Cal.App.4th 302, 306; *People v. Brown* (2016) 244 Cal.App.4th 1170, 1180; *People v. Triplett* (2016) 244 Cal.App.4th 824, 830-832; *Perkins*, at pp. 136-137; *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449-450.)

"In a successful petition, the offender must set out a case for eligibility, stating and in some cases showing the offense of conviction has been reclassified as a misdemeanor and, where the offense of conviction is a theft crime reclassified based on the value of stolen property, showing the value of the property did not exceed $950." (*Perkins*, *supra*, 244 Cal.App.4th at p. 135; see, e.g., *Sherow*, *supra*, 239 Cal.App.4th at pp. 877-878; § 1170.18, subd. (a).) The defendant must attach information or evidence

2

necessary to enable the court to determine eligibility. (*Sherow*, at p. 880 ["A proper petition could certainly contain at least [the defendant's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination"].)

Defendant made no attempt to meet his burden below. We therefore affirm the trial court's order denying his petition under section 1170.18.



ARONSON, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


THOMPSON, J.

3