Filed 5/6/16  P. v. Blankenship CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARTEMUS BLANKENSHIP,<br><br>    Defendant and Appellant. | D068850<br><br><br><br>(Super. Ct. No. SCD176815) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed in part and reversed in part with directions.

Anthony J. Dain, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Kelley Johnson and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal follows the granting of relief under the Three Strikes Reform Act (Prop. 36; Pen. Code,[1] § 1170.126) and the denial of additional relief under Proposition 47 (§ 1170.18; the Safe Neighborhoods and Schools Act). Appellant does not challenge the trial court's decision regarding section 1170.126, but does contend the trial court erred in denying his request for additional relief under section 1170.18.

In 2004, Artemus Blankenship was convicted of first degree robbery (§ 211); second degree burglary (§ 459) and petty theft after a prior theft conviction (§§ 484, 666). He was also found to have suffered two serious felony prior convictions (§ 667, subd. (a)(1)) and three strike priors (§ 667, subds. (b)-(i)). Blankenship was sentenced to an indeterminate term of 60 years to life.[2]

In September 2015, the court granted Blankenship's request for relief and recalled and resentenced the second degree burglary and petty theft convictions. Blankenship was sentenced to a total term of 41 years to life.

Blankenship's companion petition under section 1170.18 requested that the burglary conviction and the petty theft after a prior conviction be reclassified as misdemeanors. The trial court denied both requests.

Blankenship appeals contending the petty theft conviction should be reclassified as a misdemeanor. He also contends the burglary conviction should be reclassified as the newly created offense of shoplifting under section 459.5.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.
[2] The sentence for the petty theft conviction was stayed under section 654.

2

The People concede the petty theft after a prior conviction must be reduced to a misdemeanor. The People contend, however, that the burglary offense in this case does not qualify as shoplifting because Blankenship did not enter the building with the intent to commit common law larceny and he did not intend to steal merchandise available for sale.

We will accept the People's concession as to count 3, however, we will conclude the current offense qualifies for reclassification as shoplifting as it is defined by section 459.5. Accordingly, we will reverse the trial court's order and remand with directions to grant the requested relief.

## STATEMENT OF FACTS

Blankenship committed a residential robbery, during which he took the victim's credit card and personal identification number (PIN). Blankenship then entered a Target store and used the card to withdraw $350 from an ATM.

## DISCUSSION

Blankenship contends the trial court's analysis of sections 459.5 and 490a was flawed. He argues that the intent to commit larceny as used in section 459.5 must be read consistently with the case law analyzing the same language in section 459. The People, on the other hand, argue we should focus on the common sense meaning of the term "shoplifting" and give it a dictionary meaning without reference to sections 459 and 490a. The People also argue that Blankenship did not enter the Target store with the intent to commit theft or larceny. They contend he entered with the intent to commit identity theft. Regarding the People's latter position, we simply respond he was charged with and

3

convicted of entering a building with the intent to commit theft, which we find entirely consistent with case law analyzing sections 459 and 490a.

The question presented here is whether we restrict our analysis of section 459.5 to the dictionary meaning of the term shoplifting or whether we should interpret the statutory language in light of well-established definitions existing prior to the enactment of section 459.5. We opt for the latter approach.

Legal Principles

Proposition 47 added section 1170.18, which allows "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47 had it] been in effect at the time of the offense" to "petition for a recall of sentence" and request resentencing. (§ 1170.18, subd. (a).) A person seeking resentencing under section 1170.18 must show he or she fits the criteria in subdivision (a). If the person satisfies the criteria the person shall have his or her sentence recalled and resentenced to a misdemeanor, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety. (§ 1170.18, subd. (b); *T. W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2.)

Relevant here, Proposition 47 also added a new crime of shoplifting, which is defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." (§ 459.5, subd. (a).)

4

In interpreting section 459.5, Blankenship urges we look to section 490a for guidance. Section 490a provides, "[w]herever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor."

Specifically, our issue requires us to find the correct interpretation of the term "larceny" as used in section 459.5. " 'In interpreting a voter initiative like [Proposition 47], we apply the same principles that govern statutory construction.' [Citation.] " 'The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]' " [Citation.] In the case of a provision adopted by the voters, 'their intent governs.' [Citation.] [¶] 'In determining such intent, we begin with the language of the statute itself.' [Citation.] We look first to the words the voters used, giving them their usual and ordinary meaning. " 'If there is no ambiguity in the language of the statute, then . . . the plain meaning of the language governs.' " [Citation.] "But when the statutory language is ambiguous, 'the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes.' " [Citation.] [¶] In construing a statute, we must also consider " 'the object to be achieved and the evil to be prevented by the legislation.' " [Citation.] 'When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.' " (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1099-1100.)

5

B. Analysis

The People contend Blankenship did not commit shoplifting when he entered a Target store with the intent to commit theft by false pretenses because shoplifting requires an intent to commit larceny. Also, the People argue section 490a is inapplicable because it does not redefine larceny as any theft. We are not persuaded by these arguments. Historically, the term "larceny" as used similarly in the burglary statute has been interpreted to include all thefts, including theft by false pretenses. (*People v. Dingle* (1985) 174 Cal.App.3d 21, 30; *People v. Nguyen* (1995) 40 Cal.App.4th 28, 31; *People v. Parson* (2008) 44 Cal.4th 332, 353-354.)

In *People v. Williams* (2013) 57 Cal.4th 776 (*Williams*), our high court discussed whether a man who committed theft by false pretenses and subsequently pushed a security guard in an attempt to flee could satisfy the "felonious taking" requirement of robbery. (*Id.* at pp. 779-780.) One element of robbery, which is not present in any other type of theft, is the "felonious taking" requirement. The defendant argued that the "felonious taking" requirement could only be satisfied by the crime of theft by larceny, and not theft by false pretenses. (*Id.* at p. 781.) The court, after analyzing the common law meanings of the different theft offenses, found that larceny is a necessary element of robbery. (*Id.* at pp. 786-787.) Thus, *Williams* held that theft by false pretenses could not support a robbery conviction, because only theft by larceny could fulfill the "felonious taking" requirement.

The analysis in *Williams, supra,* 57 Cal.4th 776 is distinguishable from our current issue of whether section 459.5 can be satisfied by theft by false pretenses. This is

6

because the term "larceny" is not actually present in the statute defining robbery (§ 211). As such, *Williams* looked at the common law meaning of larceny in order to reach the conclusion that larceny is a necessary element of robbery. Therefore, the court was not analyzing the statutory interpretation of the term "larceny," but was analyzing the common law meanings and relations of the different theft crimes.

Conversely, in *People v. Nguyen* (1995) 40 Cal.App.4th 28 (*Nguyen*), we discussed whether a defendant could be convicted of burglary for entering the premises of another with the intent to commit theft by false pretenses. *Nguyen* held that the term "larceny" as used in the burglary statute included theft by false pretenses. In reaching our conclusion, we noted that section 490a shows "the Legislature has indicated a clear intent that the term 'larceny' as used in the burglary statute should be read to include all thefts, including 'petit' theft by false pretenses." (*Id.* at p. 31.) The *Nguyen* holding is more on point with the issue here, because, unlike *Williams, supra,* 57 Cal.4th 776, we analyzed the interpretation of the term "larceny" as used in a statute.

Additionally, the People argue, in enacting section 459.5, the voters intended to restrict its application to stealing goods or merchandise openly displayed in retail stores. The People assert that "shoplifting" has long and commonly been understood to encompass only the theft of openly displayed merchandise from commercial establishments. As such, the People contend the voters' reasonable belief was that the crime of "shoplifting" referred only to the common understanding of that crime. However, in viewing the plain text of the statute, we find nothing to support that contention. Had the voters intended for "shoplifting" to be confined to that limited

7

meaning, that intention could have easily been expressed in the text of the statute. Instead, the statute was worded substantially similar to the burglary statute (§ 459), which has been judicially interpreted to encompass all thefts. As previously noted, "[w]hen legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears." (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100.) We find no indication that a distinction was intended to be made between sections 459 and 459.5 in regard to the interpretation of the term "larceny."

Since the trial court's decision in this case there have been several appellate decisions discussing section 459.5. In *People v. Triplett* (2015) 244 Cal.App.4th 824 (review granted Apr. 27, 2016, S233172), the Third District Court of Appeal held that entry into a bank with the intent to cash stolen checks in an amount less than $950 qualified as "shoplifting" under the new statute. In *People v. Root* (2016) 245 Cal.App.4th 353, this court held that entry into a bank to cash forged checks in an amount less than $950 qualified as shoplifting. In *People v. Valencia* (2016) 245 Cal.App.4th 730, the Third District upheld its earlier analysis of section 459.5. In *Valencia* the court found that entry into a business to purchase prepaid phone cards with counterfeit money also qualified under the statutory definition of section 459.5.

The People direct our attention to *People v. Bias* (2016) 245 Cal.App.4th 302 (*Bias*). In that case the Second Division of this court reached an opposite conclusion from that reached in the cases just cited. The court in *Bias* did not analyze the impact of

8

section 490a nor the historic analysis of the term larceny as used in theft-related cases. The opinion in *Bias* seems to rely on two grounds. First, the court accepted the "common sense" definition of shoplifting, which, unfortunately is not contained anywhere in section 1170.18. Further, the court concluded that Bias entered the bank with the intent to commit identity theft, not "theft." We do not have the language of the information in the opinion, so we do not know the charged basis for the burglary count. The opinion does not identify any identity theft count in its discussion. Whatever the basis for the court's conclusion that Bias entered with the intent to commit identity theft in that case, in our case Blankenship was charged with, and convicted of entering the store with the intent to commit theft. We are not persuaded by the court's analysis in *Bias* and will continue to adhere to the view that the term larceny as used in section 459.5 must be interpreted in light of the case law interpreting that language in section 459.

Consistent with the court's view in *Bias, supra,* 245 Cal.App.4th 302, the People urge us to apply the definition of "shoplifting" as used in dictionaries and as discussed in Wharton's treatise on criminal law (3 Wharton's Criminal Law (15th ed. 2015) § 343). We decline to take that approach. The statute does not contain any definition of shoplifting other than setting forth the elements of the offense in the specific language of section 459.5. We decline to speculate whether the voters had to resort to dictionaries in formulating their views on the statute. We find it even more unlikely that they were familiar with Wharton's criminal law treatise. Indeed, we wonder how many law-trained professionals have considered that resource. In short we remained satisfied that analysis

9

of the language of the statute, in light of the case law defining the terms, is the best indicator of the voters' intent.

Our interpretation is consistent with the voters' overall intent in passing Proposition 47. Proposition 47 was intended to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, p. 70.) Petty theft by false pretenses is precisely the type of nonserious, nonviolent crime Proposition 47 was aimed towards affecting. For example, Proposition 47 also made the crimes of forgery and drafting checks without sufficient funds of less than $950 misdemeanors. (§ 473, subd. (b); § 476a.) Moreover, theft by false pretenses is less likely to involve violence than a situation where a person has the intention to steal openly displayed merchandise from a store. To provide misdemeanors for that type of theft, but not for theft by false pretenses, would contradict the voters' general intent of requiring misdemeanors for nonserious, nonviolent theft crimes.

In considering section 490a, we find that it requires us to have the word "larceny" read as "theft" in section 459.5. As such, the "intention to commit larceny" requirement of section 459.5 can be satisfied by the broader sense of an intent to commit theft. Thus, an intent to commit theft by false pretenses would satisfy that element. Not only is this consistent with prior case law regarding the interpretation of the term "larceny" as used in section 459, but it is also consistent with the voters' intent in passing Proposition 47. Lastly, interpreting the term "larceny" differently in section 459.5 than we would in

section 459 would cause the interpretations of the two related statutes to be inconsistent and would ignore the mandate of section 490a.

DISPOSITION

The order denying Blankenship's petition to reduce the burglary count to shoplifting and the petty theft after a prior conviction to petty theft is reversed, with directions to grant the petition. The order granting relief under section 1170.126 is affirmed.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

HALLER, J.

11