Filed 7/13/16  P. v. Sherow CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D068668 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. RIF138991) |
| DOMINIQUE TERRELL SHEROW, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Riverside, Becky Dugan, Judge. Reversed and remanded with directions.

Charles R. Khoury, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

In 2012, Dominique Terrell Sherow was sentenced on 26 felony counts. He was sentenced on 13 counts of receiving stolen property (Pen. Code,[1] § 496, subd. (a)) and 13 counts of second degree burglary (§ 459). The court imposed an eight-year term.

In January 2015, Sherow filed a petition pursuant to section 1170.18 (Prop. 47, the Safe Neighborhoods and Schools Act) seeking to have his convictions reduced to misdemeanors. Following a hearing the trial court denied the petition.

Sherow appeals contending the trial court erred in aggregating the total value of all of the items taken in each count to find a value of loss greater than $950. Sherow also contends the court erred in failing to reduce the burglary convictions to shoplifting as now defined in section 459.5.

The People have responded conceding the court erred in aggregating the value of all of the counts. Accordingly, the People concede the receiving stolen property counts must be reduced to misdemeanors. The People contend, however, that the burglaries do not qualify as shoplifting because the property was taken by false pretenses, not larceny, and thus do not constitute shoplifting.

We accept the People's concession as to the receiving counts and will order the court on remand to grant the petition as to those counts. With regard to the burglary counts, we disagree with the People's contention and will find they fit the definition of shoplifting under section 459.5. We will also direct the court on remand to grant the

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

petition to reduce the burglary convictions to shoplifting and to resentence Sherow accordingly.

STATEMENT OF FACTS

Both parties have relied on the statement of facts from a prior appeal on the merits in this case (*People v. Sherow* (Feb. 11, 2013, D062184) [nonpub. opn.]). We have taken judicial notice of the records in that case. The summary relied on by the parties is as follows:

Riverside Police Detective Charles Payne testified that in August 2007, he conducted surveillance on Timothy Sherow Sr., Dominique Sherow's father.[2] Timothy left a department store in Orange County, and drove to department stores in the city of Corona. Simultaneously, police surveilled Dominique in the city of Riverside, and observed him answer his cell phone and drive quickly to AAA Jewelry & Loan pawn shop, where Timothy and Dominique met, talked briefly, and Timothy handed Dominique a large box full of DVD boxed sets. Dominique took the DVDs inside the pawn shop, while Timothy waited in the parking lot. After a while, both met again in the parking lot, spoke briefly, and Dominique gave Timothy money, which they divided before departing in their respective vehicles. A ticket from the pawn shop that day identified Dominique as the seller of 259 videos for $518. Dominique declared on the ticket that he had received the videos as gifts.

---

[2] We refer to Timothy and Dominique Sherow by their first names to avoid confusion.

3

Detective Payne saw surveillance video obtained from the department stores where Timothy had been that day. Timothy was seen shoplifting handfuls of DVDs and stuffing them in his pants. Personnel from the department stores where Timothy had shoplifted went to the pawn shop and identified as their property some brand new DVDs. When police arrested Timothy, he had wire cutters and aluminum foil in his vehicle. Detective Payne testified wire cutters are used to remove security sensors from merchandise, and the aluminum foil is used to disable their security tags.

In October 2007, police arrested Lorina Amie, who has children with Timothy and was Dominique's codefendant at trial. Police asked her what she knew about Timothy's arrest, and she assumed it was for stealing, "[b]ecause all he does is steal." Amie said she had previously sold DVDs for Timothy at a pawn shop, and he had shared those sales proceeds with her.

## DISCUSSION

Since the People have conceded the issue of aggregating losses and the resultant conclusion the receiving stolen property counts must be resentenced, we will only discuss the shoplifting issue in this section. The issue presented is narrow: Does the term larceny as defined in section 459.5 include the term theft as required by section 490a? We will conclude that it does.

At the outset of this discussion we are aware that the issue is before the Supreme Court in *People v. Gonzales* (2015) 242 Cal.App.4th 35, review granted February 17, 2016, S231171. We are also aware that a number of opinions on both sides of the issue have been granted review by the court (e.g., *People v. Root* (2016) 245 Cal.App.4th 353,

4

review granted May 11, 2016, S233546; *People v. Bias* (2016) 245 Cal.App.4th 302, review granted May 11, 2016, S233634). Although the high court will ultimately decide the proper interpretation of section 459.5, we will endeavor to resolve this case pending further advice from the court.

## DISCUSSION

Sherow contends the trial court's analysis of sections 459.5 and 490a was flawed. He argues that the intent to commit larceny as used in section 459.5 must be read consistently with the case law analyzing the same language in section 459. The People, on the other hand, argue we should focus on the commonsense meaning of the term "shoplifting" and give it a dictionary meaning without reference to sections 459 and 490a. The People also argue that Sherow did not enter the business in this case with the intent to commit theft or larceny. They contend he entered with the intent to commit theft by false pretenses.

The question presented here is whether we restrict our analysis of section 459.5 to the dictionary meaning of the term shoplifting or whether we should interpret the statutory language in light of well-established definitions existing prior to the enactment of section 459.5. We opt for the latter approach.

### Legal Principles

Proposition 47 added section 1170.18, which allows "[a] person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under [Proposition 47 had it] been in effect at the time of the offense" to "petition for a recall of sentence" and request resentencing. (§ 1170.18,

5

subd. (a).)  A person seeking resentencing under section 1170.18 must show he or she fits the criteria in subdivision (a).  If the person satisfies the criteria the person shall have his or her sentence recalled and resentenced to a misdemeanor, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.  (§ 1170.18, subd. (b); *T. W. v. Superior Court* (2015) 236 Cal.App.4th 646, 649, fn. 2.)

Relevant here, Proposition 47 also added a new crime of shoplifting, which is defined as "entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)."  (§ 459.5, subd. (a).)

In interpreting section 459.5, Sherow urges we look to section 490a for guidance.  Section 490a provides, "[w]herever any law or statute of this state refers to or mentions larceny, embezzlement, or stealing, said law or statute shall hereafter be read and interpreted as if the word 'theft' were substituted therefor."

Specifically, our issue requires us to find the correct interpretation of the term "larceny" as used in section 459.5.  " 'In interpreting a voter initiative like [Proposition 47], we apply the same principles that govern statutory construction.' [Citation.]  " 'The fundamental purpose of statutory construction is to ascertain the intent of the lawmakers so as to effectuate the purpose of the law. [Citations.]' " [Citation.]  In the case of a provision adopted by the voters, 'their intent governs.' [Citation.] [¶] 'In determining such intent, we begin with the language of the statute itself.' [Citation.]  We look first to

the words the voters used, giving them their usual and ordinary meaning. " 'If there is no ambiguity in the language of the statute, then . . . the plain meaning of the language governs.' " [Citation.] "But when the statutory language is ambiguous, 'the court may examine the context in which the language appears, adopting the construction that best harmonizes the statute internally and with related statutes.' " [Citation.] [¶] In construing a statute, we must also consider " 'the object to be achieved and the evil to be prevented by the legislation.' " [Citation.] 'When legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.' " (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1099-1100.)

## B. Analysis

The People contend Sherow did not commit shoplifting when he entered a business with the intent to commit theft by false pretenses because shoplifting requires an intent to commit larceny. Also, the People argue section 490a is inapplicable because it does not redefine larceny as any theft. We are not persuaded by these arguments. Historically, the term "larceny" as used similarly in the burglary statute has been interpreted to include all thefts, including theft by false pretenses. (*People v. Dingle* (1985) 174 Cal.App.3d 21, 30; *People v. Nguyen* (1995) 40 Cal.App.4th 28, 31 (*Nguyen*); *People v. Parson* (2008) 44 Cal.4th 332, 353-354.)

In *People v. Williams* (2013) 57 Cal.4th 776 (*Williams*), our high court discussed whether a man who committed theft by false pretenses and subsequently pushed a

7

security guard in an attempt to flee could satisfy the "felonious taking" requirement of robbery. (*Id.* at pp. 779-780.) One element of robbery, which is not present in any other type of theft, is the "felonious taking" requirement. The defendant argued that the "felonious taking" requirement could only be satisfied by the crime of theft by larceny, and not theft by false pretenses. (*Id*. at p. 781.) The court, after analyzing the common law meanings of the different theft offenses, found that larceny is a necessary element of robbery. (*Id*. at pp. 786-787.) Thus, *Williams* held that theft by false pretenses could not support a robbery conviction, because only theft by larceny could fulfill the "felonious taking" requirement.

The analysis in *Williams, supra,* 57 Cal.4th 776 is distinguishable from our current issue of whether section 459.5 can be satisfied by theft by false pretenses. This is because the term "larceny" is not actually present in the statute defining robbery (§ 211). As such, *Williams* looked at the common law meaning of larceny in order to reach the conclusion that larceny is a necessary element of robbery. Therefore, the court was not analyzing the statutory interpretation of the term "larceny," but was analyzing the common law meanings and relations of the different theft crimes.

Conversely, in *Nguyen, supra,* 40 Cal.App.4th 28, we discussed whether a defendant could be convicted of burglary for entering the premises of another with the intent to commit theft by false pretenses. *Nguyen* held that the term "larceny" as used in the burglary statute included theft by false pretenses. In reaching our conclusion, we noted that section 490a shows "the Legislature has indicated a clear intent that the term 'larceny' as used in the burglary statute should be read to include all thefts, including

8

'petit' theft by false pretenses." (*Nguyen, supra,* at p. 31.) The *Nguyen* holding is more on point with the issue here, because, unlike *Williams, supra,* 57 Cal.4th 776, we analyzed the interpretation of the term "larceny" as used in a statute.

Additionally, the People argue, in enacting section 459.5, the voters intended to restrict its application to stealing goods or merchandise openly displayed in retail stores. The People assert that "shoplifting" has long and commonly been understood to encompass only the theft of openly displayed merchandise from commercial establishments. As such, the People contend the voters' reasonable belief was that the crime of "shoplifting" referred only to the common understanding of that crime. However, in viewing the plain text of the statute, we find nothing to support that contention. Had the voters intended for "shoplifting" to be confined to that limited meaning, that intention could have easily been expressed in the text of the statute. Instead, the statute was worded substantially similar to the burglary statute (§ 459), which has been judicially interpreted to encompass all thefts. As previously noted, " '[w]hen legislation has been judicially construed and a subsequent statute on a similar subject uses identical or substantially similar language, the usual presumption is that the Legislature [or the voters] intended the same construction, unless a contrary intent clearly appears.' " (*Rivera*, *supra*, 233 Cal.App.4th at p. 1100.) We find no indication that a distinction was intended to be made between sections 459 and 459.5 in regard to the interpretation of the term "larceny."

The People urge us to apply the definition of "shoplifting" as used in dictionaries and as discussed in Wharton's treatise on criminal law (3 Wharton's Criminal Law (15th

9

ed. 2015) § 343). We decline to take that approach. The statute does not contain any definition of shoplifting other than setting forth the elements of the offense in the specific language of section 459.5. We decline to speculate whether the voters had to resort to dictionaries in formulating their views on the statute. We find it even more unlikely that they were familiar with Wharton's criminal law treatise. Indeed, we wonder how many law-trained professionals have considered that resource. In short we remain satisfied that analysis of the language of the statute, in light of the case law defining the terms, is the best indicator of the voters' intent.

Our interpretation is consistent with the voters' overall intent in passing Proposition 47. Proposition 47 was intended to "[r]equire misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, p. 70.) Petty theft by false pretenses is precisely the type of nonserious, nonviolent crime Proposition 47 was aimed towards affecting. For example, Proposition 47 also made the crimes of forgery and drafting checks without sufficient funds of less than $950 misdemeanors. (§ 473, subd. (b); § 476a.) Moreover, theft by false pretenses is less likely to involve violence than a situation where a person has the intention to steal openly displayed merchandise from a store. To provide misdemeanors for that type of theft, but not for theft by false pretenses, would contradict the voters' general intent of requiring misdemeanors for nonserious, nonviolent theft crimes.

In considering section 490a, we find that it requires us to have the word "larceny" read as "theft" in section 459.5. As such, the "intention to commit larceny" requirement of section 459.5 can be satisfied by the broader sense of an intent to commit theft. Thus, an intent to commit theft by false pretenses would satisfy that element. Not only is this consistent with prior case law regarding the interpretation of the term "larceny" as used in section 459, but it is also consistent with the voters' intent in passing Proposition 47. Lastly, interpreting the term "larceny" differently in section 459.5 than we would in section 459 would cause the interpretations of the two related statutes to be inconsistent and would ignore the mandate of section 490a.

## DISPOSITION

The order denying Sherow's petition to reduce and resentence his convictions under section 1170.18 is reversed. The case is remanded to the trial court with directions to grant the petition and resentence Sherow accordingly.


 

HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


HALLER, J.

11